452 P.2d 533

Robert J. ANTOS, Executor of the Estate of Vlasta Antos, Deceased, Appellant,

v.

Charles BOCEK, Appellee.

No. I CA–Civ. 650.

Court of Appeals of Arizona.

April 7, 1969.

Rehearing Denied April 25, 1969.

Johnson & Shaw, by Marvin Johnson, Phoenix, for appellant.

Tupper, Skeens & Rapp, by Armando de Leon, Phoenix, for appellee.

HATHAWAY, Judge.

Charles Bocek filed a lawsuit to recover the value of an automobile allegedly given to him as a gift *causa mortis* by his daughter Vlasta Antos, deceased. The matter was tried to the court and judgment was entered for Bocek. Robert J. Antos, the decedent's husband and executor of her estate, brings this appeal contending that no gift *causa mortis* was established.

At all times concerned in this appeal Robert and Vlasta Antos were separated. Early in October of 1964 Vlasta was preparing to enter the hospital for surgery. Before entering the hospital she told her father:

"I am going to the hospital. If something should happen to me, I want you to have the car."

She thereupon gave him one of the sets of keys to the car, a 1963 Pontiac. She thereafter underwent surgery and returned home about two weeks later. On November 14, 1964, she died as a result of an overdose of drugs.

While she was in the hospital the car was parked in front of her home. After she returned from the hospital she drove it and it remained in her possession.

The appellant contends that even if there was a gift *causa mortis* it was, in contemplation of law, revoked by her when she left the hospital and resumed driving the car. Appellant further contends that her survival of the operation constituted a revocation of the gift. No issue has been made concerning the wife's authority to make a gift of the automobile and, therefore, for the purposes of this appeal we will assume that she had authority.

A gift *causa mortis* is a gift of personal property made in expectation of the donor's death and on the condition that the donor die as anticipated, 38 Am.Jur. 2d Gifts § 7. The donor may resume or recover possession of the subject matter and thereby annul the gift. Recovery from the illness or peril anticipated also operates as a revocation of the gift. 38 Am.Jur.2d Gifts § 87. The donor must die from the ailment or peril anticipated when the gift is made, and there must be a delivery and an acceptance by the donee, Barham v. Khoury, 78 Cal.App.2d 204, 177 P.2d 579 (1947); Smith v. Clark, 219 Ark. 751, 244 S.W.2d 776 (1952).

Viewing the evidence in the light most favorable to sustaining the judgment, we conclude that it does not. Though the decedent gave a set of keys to the plaintiff prior to her departure to the hospital, and expressed her intent to make a gift in the event something happened to her at the hospital, she had an operation, left the hospital, and resumed possession and control of the automobile and thereby revoked any gift. Her death which followed shortly thereafter does not appear from the evidence to be related in any way to the operation. Evidence of intent and delivery, having been incontrovertedly eradicated by the decedent's conduct, the judgment cannot stand.

Reversed.

MOLLOY, J., and HYDER, Superior Court Judge, concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge FRED J. HYDER was called to sit in his stead and participate in the determination of this decision.